IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-64,603-01






EX PARTE DONNIE EARL PHILLIPS, JR., Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NO. 946082W IN THE 371ST DISTRICT COURT

TARRANT COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of theft, and punishment was assessed at three (3)
years' confinement. No direct appeal was taken.

 Applicant contends that he was not provided advance notice of review for supervised
release prior to release being denied.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. See Ex parte Retzlaff, 135
S.W.3d 45 (Tex. Crim. App. 2004). Therefore, it is this Court's opinion that additional facts
need to be developed and because this Court does not hear evidence, the trial court is the
appropriate forum. The trial court shall resolve those issues as set out in Tex. Code Crim.
Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
the appropriate officials in the Texas Department of Criminal Justice, Correctional
Institutions Division, the Parole Division, and the Board of Pardons and Paroles, or it may
order a hearing. In the appropriate case the trial court may rely on its personal recollection.

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 The trial court shall then make findings of fact as to whether Applicant is eligible for
mandatory supervision release, and, if so, whether he received due process when he was
reviewed prior to the denial of such release. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus. The trial court shall supplement the habeas
record with copies of all documents upon which its findings are based.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 24th DAY OF MAY, 2006.




EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.